IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TSVETAN TORBOV,

        Plaintiff,

  v.

CENLAR AGENCY, INC.,

        Defendant.

No. C 14-0130 RS

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Plaintiff Tsvetan Torbov, appearing *in pro se*, seeks a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not enter ("OSC"), to prevent defendant from conducting a non-judicial foreclosure sale of the real property commonly known as 1679 Valley Crest Court, San Jose, California.  Because Torbov has not met his burden to show such relief is warranted, his motion will be denied.

## II. LEGAL STANDARD

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III. DISCUSSION

Under the applicable authorities, to prevail, Torbov must demonstrate likely success on the merits, *Winter*, 555 U.S. at 20, or at least serious questions going to the merits. *Wild Rockies*, 632 F.3d at 1131. This he has not done. The operative First Amended Complaint alleges merely that from February of 2013 through the present, Torbov has sent his monthly mortgage payments to defendant, who has refused to accept the payments and is pursuing foreclosure instead. Even assuming there are sufficient factual allegations to state a claim under liberal pleading standards, the complaint's bare averments are insufficient to meet the required evidentiary showing for preliminary relief.

Torbov's application for preliminary relief consists solely of a proposed TRO and OSC, and a copy of the notice of Trustee's sale, presently scheduled for March 20, 2014.  Although Torbov has thereby arguably shown imminent harm, he has made no showing whatsoever of likely success on the merits or even of serious questions going to those merits.  Accordingly, there is no basis for entry of a TRO or an OSC.  The motion is denied.

IT IS SO ORDERED.

Dated:  2/11/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California