IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TSVETAN TORBOV,

        Plaintiff,

  v.

CENLAR AGENCY, INC.,

        Defendant.
_____/

No. C 14-0130 RS

**ORDER DENYING PRELIMINARY INJUNCTION**

    Plaintiff Tsvetan Torbov, appearing *in pro se*, alleges that defendant is improperly seeking to conduct a non-judicial foreclosure sale of the real property commonly known as 1679 Valley Crest Court, San Jose, California. Torbov's initial application for a temporary restraining order was denied. Although Torbov arguably had shown imminent harm, he made no showing whatsoever of likely success on the merits or even of serious questions going to those merits.

    Thereafter, Torbov filed an amended application for preliminary relief, providing some additional factual material. Construing that application and the complaint with great liberality, and giving Torbov every benefit of the doubt, a restraining order entered and defendant was directed to show cause why a preliminary injunction should not issue. In response, defendant has submitted evidence showing that Torbov failed to make his loan payments as required, and that it acted within

its contractual rights when it returned certain payments tendered by him, because those payments were insufficient to cure the default.[1]

On reply, Torbov asserts that defendant failed to explain adequately why it was rejecting his payments, and he implies that he was unable to cure any default because he was not provided information as to the amount owed.  Torbov, however, has attached correspondence showing that he was advised how to arrange to reinstate his account to good standing, and he does not assert that he ever attempted to do so but was refused.

It remains doubtful that Torbov's complaint even states a claim under applicable standards of pleading.[2]  Even assuming the complaint were sufficient pleaded, however, Torbov has not provided a sufficient basis for concluding that he likely will be able to establish a breach of contract, fraud, or other wrongful act, or even that there are "serious questions" on the merits.   The motion for a preliminary injunction is denied, and the temporary restraining order is lifted.

IT IS SO ORDERED.

Dated:  3/10/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's opposition relies in part on exhibits to the declaration of Jennifer Dobron, which it failed to attach.  While the declaration itself suffices, the omission of the exhibits renders the question closer than it would otherwise have been.

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.