IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TSVETAL TORBOV,<br><br>          Plaintiff,<br><br>    v.<br><br>CENLAR AGENCY, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., TAYLOR, BAN & WHITAKER CORP, AND DOES 1-25,<br><br>          Defendants. | Case No. 5:14-cv-00130-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 37] |

    Plaintiff Tsvetan Torbov, proceeding *pro se*, filed this action to stop a trustee's sale of his home following his default on a mortgage loan. Defendants move to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Court has considered the briefing submitted by the parties and the oral argument presented at the hearing on July 3, 2014. For the reasons discussed below, the motion is GRANTED with leave to amend.

**I.    BACKGROUND**

    The following facts are taken from Plaintiff's operative second amended complaint ("SAC") and from documents that are judicially noticeable.[1] In September 2005, Plaintiff obtained a home mortgage loan from Taylor, Bean & Whitaker Mortgage Corporation in the amount of $359,650, secured by a Deed of Trust on his home. (RJN Exh. 1, ECF 38) The Deed of Trust identified

---

[1] Defendant requests judicial notice of three documents recorded in the Santa Clara County Recorder's Office with respect to Plaintiff's property: a Deed of Trust, a Notice of Default and Election to Sell Under Deed of Trust, and a Notice of Trustee's Sale. The request is GRANTED. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record).

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the Deed of Trust. (*Id.*)

On October 15, 2013, Sage Point Lender Services, LLC, the trustee under the Deed of Trust, recorded a Notice of Default and Election to Sell under Deed of Trust. (RJN Exh. 2) The Notice of Default stated that Plaintiff's property was in foreclosure because he was behind on his payments; that the amount of the deficiency was $30,157.55 as of October 11, 2013; and that the property would be sold unless Plaintiff paid the entire amount due. (*Id.*) The Notice of Default advised Plaintiff that he could obtain a written itemization of the amount due by writing to "Nationstar Mortgage LLC c/o Cenlar FSB" at an address provided, and that he might be able to arrange for additional time to cure the default or establish a schedule of payments to cure the default. (*Id.*)

On January 9, 2014, Plaintiff filed this action, alleging that Defendants had refused to accept his monthly mortgage payments since February 2013. (Compl., ECF 1) On January 28, 2014, Sage Point Lender Services, LLC recorded a Notice of Trustee's Sale, scheduling a trustee's sale of Plaintiff's home for February 20, 2014. (RJN Exh. 3) The Notice of Trustee's Sale indicated that the total unpaid balance on the mortgage was $359,723.82.[2] (*Id.*)

On February 14, 2014, the Court issued a temporary restraining order enjoining Defendants from proceeding with the February 20, 2014 trustee's sale. (TRO, ECF 13) On March 10, 2014, the Court issued an order lifting the temporary restraining order and denying Plaintiff's motion for a preliminary injunction. (Order, ECF 30) The Court noted that "Defendant" had "submitted evidence showing that Torbov failed to make his loan payments as required, and that it acted within its contractual rights when it returned certain payments tendered by him, because those payments were insufficient to cure the default." (*Id.* at 1-2)

On March 26, 2014, Plaintiff filed the operative SAC, alleging that he paid his mortgage by check for fifteen years; that in October 2012 Defendants advised him by telephone that under a new policy payments had to be made by telephone; that Plaintiff complied with the new policy; and that starting in February 2013 Defendants stopped accepting Plaintiff's payment by telephone without

---

[2] The Court notes that this amount is greater than the original loan amount.

explanation. (SAC, ECF 35) Plaintiff then began submitting his mortgage payments by check, but Defendants returned those checks to Plaintiff. (*Id.*) Plaintiff alleges that he made several requests for an explanation, but "Defendant CENLAR" did not respond. (*Id.*) Plaintiff believes that Defendants conspired to create a situation that would put Plaintiff into default and deprive him of his home. (*Id.*) He asserts claims for: (1) quiet title, (2) violation of RESPA, (3) violation of California Business and Professions Code § 17200, and (4) conspiracy to defraud. It is not clear from the record whether the trustee's sale has been rescheduled and/or whether Plaintiff's home has been sold.

## II. LEGAL STANDARDS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Before turning to Plaintiff's claims, the Court makes two observations. First, the SAC does not allege many facts. Without more information regarding communications that Plaintiff had with each of the defendants, dates of those communications, and what was said or written, Plaintiff cannot satisfy the basic pleading requirements set out by the Supreme Court in *Twombly* and *Iqbal*.

Second, Plaintiff's opposition contains a number of assertions and theories that are not contained in the SAC. On a motion to dismiss, the Court considers only whether the operative *pleading* states a claim upon which relief may be granted; the Court cannot consider new assertions and theories presented in Plaintiff's briefing. *See New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011) (when resolving a Rule 12(b)(6) motion "review is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of judicial notice"). As discussed herein, Plaintiff is granted an opportunity to amend. As the Court explained at the hearing, Plaintiff may amend *only the existing claims* that are the subject of the present motion. If Plaintiff wishes to assert *new claims*, he must file a motion for leave to amend his pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 7-2. Plaintiff is encouraged to include in any amended pleading as many facts as possible regarding the mortgage transaction, the events that led to his default on the loan, and exactly what each defendant said or did.

### A.     Claim 1 – Quiet Title

Claim 1 seeks to quiet title to the property. "An action may be brought . . . to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. P. Code § 760.020(a). "A borrower may not, however, quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013).

Plaintiff does not allege that he has paid the outstanding debt or that he has the ability to do so. (SAC ¶¶ 1-11) Accordingly, he has failed to state a claim for quiet title. Plaintiff requests a declaration that "the title to the subject property is vested in plaintiffs alone and that the defendant [sic] herein, and each of them, be declared to have no estate, right, title or interest in the subject property." (*Id.* ¶ 8) The allegation that Defendants have no rights in the property is directly contradicted by the Deed of Trust. *See In re Gilead*, 536 F.3d at 1055 (holding that the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (internal quotation marks and citations omitted).

Accordingly, the motion to dismiss is GRANTED as to Claim 1 with leave to amend.

### B. Claim 2 – RESPA

Claim 2 asserts that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to a "qualified written request" made under 12 U.S.C. § 2605. "RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)). "If the servicer fails to respond properly to such a request, the statute entitles the borrower to recover actual damages and, if there is a 'pattern or practice of noncompliance,' statutory damages of up to $1,000." *Id.* (citing 12 U.S.C. § 2605(f)). While a borrower's written inquiry does not need to contain any "magic" words, it constitutes a qualified written request only if it "(1) reasonably identifies the borrower's name and account, (2) either states the borrower's 'reasons for the belief . . . that the account is in error' or 'provides sufficient detail to the servicer regarding other information sought by the borrower,' and (3) seeks 'information relating to the servicing of [the] loan.'" *Id.* at 666 (quoting 12 U.S.C. § 2605(e)(1)(A)-(B)). Plaintiff does not allege facts demonstrating that he sent written requests containing this information to Defendants.

Accordingly, the motion to dismiss is GRANTED as to Claim 2 with leave to amend.

### C. Claim 3 – Section 17200

Claim 3 asserts a violation of California Business & Professions Code § 17200. In order to state a claim for relief under that provision, Plaintiff must allege facts showing that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). The Court addresses each of the prongs in turn.

#### 1. Unlawful

"By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)

(internal quotation marks and citation omitted). "It does not matter whether the underlying statute also provides for a private cause of action; section 17200 can form the basis for a private cause of action even if the predicate statute does not." *Id.*  Claim 3 does not identify any law upon which to piggyback a Section 17200 claim; in fact the only statute mentioned in Claim 3 is Section 17200 itself.  (SAC ¶¶ 14-15, ECF 35).  To the extent that Plaintiff's Section 17200 claim is based on violation of RESPA, Plaintiff has failed to allege facts showing a violation, as discussed above.

### 2. Unfair

In consumer cases such as this one, "the UCL does not define the term 'unfair' as used in Business and Professions Code section 17200." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1364 (2010).  The California Supreme Court has not established a definitive test to determine whether a business practice is unfair either. *Phipps v. Wells Fargo Bank, N.A.*, No. CV F 10-2025 LJO SKO, 2011 WL 302803, at *16 (E.D. Cal. Jan. 27, 2011).  Three lines of authority have developed among the California Courts of Appeal.  In the first line, the test requires "that the public policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San Fernando Valley Bar Ass'n* 182 Cal. App. 4th 247, 257 (2010) (internal quotation makes and citation omitted).  A second line of cases applies a test to determine whether the identified business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (internal quotation marks and citation omitted).  The third test draws on the definition of "unfair" from antitrust law and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Id.* (internal quotation marks and citation omitted).

Claim 3 asserts that Defendants have fraudulently represented that Plaintiff is in default on his mortgage.  Plaintiff's default is apparent from the Notice of Default and Election to Sell Under Deed of Trust, and the Notice of Trustee's Sale.  Thus Plaintiff has not alleged facts showing that the representation of default was "unfair."  Claim 3 also asserts that Defendants have refused to

6

provide a payment history to Plaintiff and have conspired to deprive Plaintiff of his home. Such conduct might be sufficient to allege a claim under the "unfair" prong of Section 17200. However, Plaintiff has not alleged any facts to support such a claim, for example, the dates and times that he requested a payment history or the manner in which Defendants conspired against him.

### 3. Fraudulent

"A business practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis*, 691 F.3d at 1169. Allegations of fraud under Section 17200 must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "'Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). While Claim 3 alleges in conclusory fashion that Defendants "fraudulently" represented that Plaintiff was in default, it contains no factual allegations describing Defendants' misconduct. As noted above, Plaintiff's default is apparent from the Notice of Default and Election to Sell Under Deed of Trust, and the Notice of Trustee's Sale. Plaintiff must allege specific facts and circumstances demonstrating that these Notices were obtained fraudulently.

Based upon the foregoing, the motion to dismiss is GRANTED as to Claim 3 with leave to amend.

### D. Claim 4 – Conspiracy to Defraud

Claim 4 alleges that Defendants "conspired to participate in a fraudulent scheme to foreclose on Plaintiff [sic] residence." (SAC ¶ 17) Once again, Plaintiff fails to allege "the who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess*, 317 F.3d at 1106). The claim contains no factual allegations whatsoever regarding Defendants' alleged fraudulent scheme.

Accordingly, the motion to dismiss is GRANTED as to Claim 4 with leave to amend.

### E. Leave to Amend

The Court notes that Plaintiff has attempted to state a claim in three separate pleadings: his

original complaint (ECF 1), a first amended complaint filed as of right (ECF 6), and the operative SAC (ECF 35), which was filed with leave of the Court (ECF 34). Because he has not yet had the benefit of an order explaining the deficiencies of his claims, and in light of his *pro se* status, Plaintiff is granted an opportunity to amend. However, if Plaintiff once again fails to allege a viable claim – or at least facts showing that he *could* allege a viable claim if given further leave – his claims will be dismissed without leave to amend and the action will be dismissed with prejudice.

## IV. ORDER

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with leave to amend *only the existing claims* that are the subject of the present motion. Any amended complaint shall be filed on or before July 29, 2014.

IT IS SO ORDERED.

Dated: July 8, 2014

_____
BETH LABSON FREEMAN
United States District Judge