LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

TSVETAN STEVEN TORBOV

Plaintiff,

v.

GREGORY S. TORNQUIST, CENLAR FSB, NATIONSTAR MORTGAGE LLC, and DOES 1-25,
Defendants.

CASE NO. 5:14-cv-00130-BLF

HON. BETH LABSON FREEMAN

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Hearing:
Date: April 2, 2015
Time: 9:00 a.m.
Ctrm.: 3 (5th Floor)

1
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

# Table of Contents

I.   SUMMARY OF ARGUMENT ................................................................................... 3

II.  FACTUAL BACKGROUND .................................................................................... 3

III. PROCEDURAL BACKGROUND ............................................................................ 5

IV.  LEGAL ANALYSIS .................................................................................................. 5

    A.   PLAINTIFF HAS ALLEGED FACTS TO INDICATE HE IS ENTITLED TO INJUNCTIVE RELIEF.  THEREFORE, DISMISSAL OF THE FIRST CAUSE OF ACTION TO ENJOIN FORECLOSURE IS IMPROPER .................. 6

    B.   PLAINTIFF HAS ALLEGED  VIOLATIONS BY DEFENDANT RESULTING A DISPUTE,  THEREFORE, DISMISSAL OF THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF IS IMPROPER ............................................................................................................. 7

    C.   PLAINTIFF'S ALLEGATIONS, ESTABLISH A NEED FOR ACCOUNTING. THEREFORE, DISMISSAL OF THE THIRD CAUSE OF ACTION FOR ACCOUNTING IS IMPROPER .............................................. 8

    D.   PLAINTIFF HAS ALLEGED THE ELEMENTS OF A CONTRACT, AND THE BREACH THEREOF. THEREFORE, DISMISSAL OF THE FOURTH CAUSE OF ACTION IS IMPROPER ...................................................... 9

    E.   PLAINTIFF HAS ALLEGED OUTRAGEOUS CONDUCT AND EMOTIONAL INJURY. THEREFORE, DISMSSAL OF THE FIFTH CAUSE OF ACTION IS IMPROPER ................................................................. 9

    F.   PLAINTIFF HAS ALLEGED DUTIES OWED BY A LENDER TO BORROWERS THAT CAN TRIGGER THE TORT OF NEGLIGENCE. THEREFORE, DISMSSAL OF THE SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMTIONAL DISTRESS IS IMPROPER .......... 10

        1.   The case cited by Defendant does not negate negligence duties owed by lenders to borrowers ................................................................................ 11

    G.   THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND HIS COMPLAINT ................................................................................................ 11

V.   CONCLUSION ........................................................................................................ 12

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA  95125
(408) 295-5595

2

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## I. SUMMARY OF ARGUMENT

Uncontroverted evidence and/or the complaint allegations clearly establish that Plaintiff, an elderly borrower, was not given statutory notices regarding his mortgage[1] default and remedies. Plaintiff has further alleged that a dispute exists as to the amount of default and basis for default, and that he has suffered emotional injuries as a result of Defendants' wrongful conduct.

Plaintiff, therefore, has alleged sufficient facts to establish his claims.

Furthermore, Plaintiff should be granted leave to file an Amended Complaint to add allegations of statutory violations.

## II. FACTUAL BACKGROUND

Items 1 through 6, 8 through 10, 12 and 14 are not subject to dispute. Item 11, also, has not been rebutted to date.

1- At all relevant times, Plaintiff was an elderly person, as defined under Cal. Civil Code §1761(f).
2- Plaintiff owns a property that is encumbered by a deed of trust securing a promissory note, currently held by Cenlar[2].
3- Plaintiff has a fixed rate loan[3].
4- Plaintiff made his payments, up to, and including February 2013[4].

---

[1] In actuality, Debtor's residence was encumbered by a deed of trust, not a mortgage, but the term "mortgage" is used herein interchangeably.

[2] DECLARATION OF JENNIFER DOBRON IN SUPPORT OF DEFENDANT'S OPPOSITION TO ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION (Entered on the docket on the instant action, as document number 18)

[3] Exhibit 2 to Plaintiff's Response to Motion to Dismiss (Entered on the docket on the instant action, as document number 80-2)

[4] Ibid, the Declaration states that a notice went out in April 2013, indicating a default for (footnote continued)

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

3
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

5- The payments for November and December 2012 were made electronically[5].

6- The payments for January and February 2013 were made by check. The checks were cashed[6].

7- Plaintiff submitted his March and April payments by check. These payments were never cashed.

8- In April 2013, Cenlar sent a default letter to Plaintiff[7].

9- The default letter, on its face, does not comply with the disclosure requirements of 12 CFR §1024.39(b) (RESPA,) at least as those requirements are in effect today[8].

10- The default letter, on its face, demands (without explanation) a default cure that is approximately 80% higher than the aggregate of the March and April payments[9].

11- After Plaintiff defaulted on his payments, Defendant never complied with 12 CFR §1024.39(b) at least as those requirements are in effect today [10].

12- Thereafter Plaintiff tried, at least twice, to cure his default by making large

---

March and April 2013. It is therefore reasonable to conclude that Plaintiff was current through February 2013.

[5] Exhibit 3 to 4th Amended Complaint (Entered on the docket on the instant action, as document number 89-2.

[6] Exhibit 4 to 4th Amended Complaint (Entered on the docket on the instant action, as document number 89-2.

[7] DECLARATION OF JENNIFER DOBRON IN SUPPORT OF DEFENDANT'S OPPOSITION TO ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION (Entered on the docket on the instant action, as document number 18)

[8] Ibid, A copy of the letter is attached as Exhibit C to this declaration.

[9] Ibid. Plaintiff had a fixed rate mortgage, and his monthly payments were $2,156.28. Assuming he was in default for March and April, his default, (exclusive of late fees) would have been $4,312.50. The default letter demands a cure of $7,425.33, without any explanation.

[10] Counsel for defendants has been asked, informally, to provide all evidence that in March 2013, Cenlar complied with 12 CFR §1024.39(b). Counsel for Cenlar has produced a 1098 form generated sometime in 2014, a Bankruptcy Proof of Claim form issued sometime in 2015, and mortgage statements generated in 2014. Counsel having failed to respond, it is reasonable to conclude that in 2013, Cenlar did not comply with RESPA, at least as those requirements are in effect today.

payments. The payments were returned by Defendant, who, rather than provide Plaintiff with detailed accounting of his default, gave Plaintiff the phone number to a law firm[11].

13- Plaintiff tried repeatedly to contact the law firm to obtain an accurate payoff and explanation of late fees. Plaintiff was put on hold, instructed to leave messages, and was never given a meaningful explanation.

14- Defendant Cenlar commenced foreclosure by causing a Notice of Default to be recorded on October 15, 2013[12] and a Notice of Sale to be recorded on or about January 28, 2014[13].

### III.   PROCEDURAL BACKGROUND

Plaintiff has filed a Fourth Amended Complaint. Defendant is seeking dismissal pursuant to FRCP 12 (b)(6). This law firm substituted in as attorney of record on March 17, 2015.

### IV.   LEGAL ANALYSIS

A 12(b)(6) motion merely tests the sufficiency of the pleadings.

Therefore, "Rule 12(b)(6), which tests the legal sufficiency of the claims asserted in the complaint, must be read in conjunction with Rule 8, which requires a 'short and plain statement showing that the pleader is entitled to relief' and 'contains a *powerful presumption* against

---

[11] Exhibit 5 to 4th Amended Complaint.

[12] Exhibit 2 to Defendant's Request for Judicial Notice, entered on the court docket as document number 17.

[13] Exhibit 3 to Defendant's Request for Judicial Notice, entered on the court docket as document number 17.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir.1997) (internal citation omitted, emphasis added).

As set forth more fully below, the 12(b)(6) motion must be denied as to each and every cause of action.

### A. PLAINTIFF HAS ALLEGED FACTS TO INDICATE HE IS ENTITLED TO INJUNCTIVE RELIEF. THEREFORE, DISMISSAL OF THE FIRST CAUSE OF ACTION TO ENJOIN FORECLOSURE IS IMPROPER

Plaintiff has alleged that he has not defaulted on his mortgage[14]. He has also alleged that Defendant has failed to comply with Cal. Civil Code §2923.5[15], that foreclosure proceedings have commenced against him[16], and that a foreclosure will cause him irreparable harm[17]. Plaintiff has also fully alleged the elements for a Declaratory Relief cause of action (see below).

Based upon all of the allegations, Plaintiff is entitled to an injunction against foreclosure.

It should be noted that injunctive relief is the only practical avenue available to a borrower whose house is being foreclosed under California's non-judicial foreclosure statutes, since these statutes do not require any court approval prior to the foreclosure itself.

Defendant argues that injunctive relief is a remedy, and not a cause of action. But at least in the Federal Court for the Central District of California, a cause of action for Injunctive Relief against foreclosure has survived a 12(b)(6) motion. *Rowen v. Bank of Am., N.A.* (Case No. CV12-1762C.D. Cal., 2013).

---

[14] Plaintiff's Fourth Amended Complaint, paragraph 20

[15] Plaintiff's Fourth Amended Complaint, paragraph 21

[16] Plaintiff's Fourth Amended Complaint, paragraph 18

[17] Plaintiff's Fourth Amended Complaint, paragraph 19

B. <u>PLAINTIFF HAS ALLEGED VIOLATIONS BY DEFENDANT RESULTING A DISPUTE, THEREFORE, DISMISSAL OF THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF IS IMPROPER</u>

In seeking dismissal of the Second Cause of Action for Declaratory Relief, Defendant argues that "Plaintiff has failed to allege any facts requiring a judicial declaration as to the rights of the parties."

A cursory review of the complaint indicates that Defendant is wrong.

Plaintiff' has alleged that at the operative times, he performed his obligations under the contract[18], that Defendant caused a Notice of Default to be issued[19], that the Notice of Default was wrongfully issued[20], that a controversy exists between the parties[21], and that he is seeking determination that he is not in default, and that Defendant has no right to non-judicial foreclosure[22].

At least in Federal Court, this is all Plaintiff needs to allege to overcome a 12(b)(6) motion. *Rowen v. Bank of Am., N.A.* (Case No. CV12-1762C.D. Cal., 2013) Citing *Chan & Pao Tang v. Bank of America, N.A. & Recontrust Co.*, 2012 U.S. Dist. LEXIS 38642 (C.D. Cal. March 19, 2012 the District Court over-ruled the 12(b)(6) motion as to Plaintiff's Declaratory Relief Action, and found that no tender is necessary.

Additionally, in the instant case, Plaintiff has tendered performance[23].

---

[18] Plaintiff's Fourth Amended Complaint, Paragraph 12

[19] Plaintiff's Fourth Amended Complaint, Paragraph 15

[20] Plaintiff's Fourth Amended Complaint, Paragraph 11

[21] Plaintiff's Fourth Amended Complaint, Paragraph 23

[22] Plaintiff's Fourth Amended Complaint, Paragraph 24

[23] Plaintiff's Fourth Amended Complaint, Paragraph 16. The court is also asked to take judicial notice of Plaintiff's Chapter 13 Bankruptcy, case number 14-54845-ASW (N. Dist. of CA) wherein he proposes a plan to pay all his arrears in full.

### C. PLAINTIFF'S ALLEGATIONS, ESTABLISH A NEED FOR ACCOUNTING. THEREFORE, DISMISSAL OF THE THIRD CAUSE OF ACTION FOR ACCOUNTING IS IMPROPER

Defendant argues that "Plaintiff has failed to allege the account is so complicated that it requires an accounting."

This is not true.

Plaintiff was current through February 2013, as alleged by Plaintiff[24], and admitted to by Defendant[25]. Plaintiff had a fixed rate loan with monthly payments of $2,156.28, as alleged by Plaintiff[26], and admitted by Defendant[27]. The Notice of Default, filed by Defendant, indicates a default amount of $30,157.55 as of October 11, 2013. Plaintiff has alleged this[28], and Defendant has admitted it[29].

Since Plaintiff has alleged, and Defendant has admitted that at the time the Notice of Default was recorded, Plaintiff was only in default for nine (9) months, the default amount should be $19,406.52 plus late fees and foreclosure costs.

Plaintiff has prayed for an accounting of how nine months of accumulated late fees, plus foreclosure fees explain the discrepancy.

---

[24] Plaintiff's Fourth Amended Complaint, Paragraph 10

[25] DECLARATION OF JENNIFER DOBRON IN SUPPORT OF DEFENDANT'S OPPOSITION TO ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION (Entered on the docket on the instant action, as document number 18)

[26] Plaintiff's Fourth Amended Complaint, Paragraphs 10 and 15

[27] Exhibit A to Declaration of Jennifer Dobron, entered on the docket as document number 36, is a copy of the promissory note. Paragraph 3(B) of the note specifies the monthly payments.

[28] Plaintiff's Fourth Amended Complaint, Paragraph 14

[29] Exhibit 2 to Defendant's Request for Judicial Notice, entered on the court docket as document number 17.

### D. PLAINTIFF HAS ALLEGED THE ELEMENTS OF A CONTRACT, AND THE BREACH THEREOF. THEREFORE, DISMISSAL OF THE FOURTH CAUSE OF ACTION IS IMPROPER

Defendant argues that "Plaintiff's fourth claim for breach of the implied duty of good faith…fails because there is no underlying contract alleged to have been breached."

This is puzzlingly false.

Plaintiff has alleged that he borrowed $359,650, with monthly payments of $2,158.64, and granted a first lien on his home to secure this loan[30]. Plaintiff further alleged that he made timely payments, and that starting in March, the payments were returned[31].

Plaintiff, therefore, has alleged a contract, and a breach.

Cenlar argues that Plaintiff admits he was late. Cenlar asks us to look Document 15, page 6 of 11. This is a curious document. It is handwritten. On its face, it is not under penalty of perjury, and to the extent legible, it states that Plaintiff made his payments "except last 2-3 mo." The document was filed in February 2014, which seems to indicate that Plaintiff made payments through the end of 2013.

This handwritten document, therefore, does not contradict the complaint, which alleges that Plaintiff was current through February 2013. And the complaint alleges a contract and a breach.

### E. PLAINTIFF HAS ALLEGED OUTRAGEOUS CONDUCT AND EMOTIONAL INJURY. THEREFORE, DISMSSAL OF THE FIFTH CAUSE OF ACTION IS IMPROPER

---

[30] Plaintiff's Fourth Amended Complaint, Paragraph 8

[31] Plaintiff's Fourth Amended Complaint, paragraph 12.

1  Defendant argues that Plaintiff has failed to allege intentional conduct of defendants
2 causing severe or emotional distress, and that Plaintiff's damages, if any are economic, arising
3 "solely" from economic injury.

4  Both of these assertions are false.

5  <u>First,</u> Plaintiff has alleged that Defendant has *intended* (emphasis added) to deprive
6 Plaintiff of his home of 25 years and all the equity in it, with reckless disregard of causing severe
7 eustress,

8  <u>Second</u> and that Plaintiff is elderly, suffers from a medication condition, and the
9 commencement of foreclosure has caused Plaintiff severe emotional and physical distress, pain,
10 and suffering[32].

11  Plaintiff has, therefore, alleged intentional conduct leading to severe non-economic
12 injuries.

13  Indeed, if Plaintiff can prove his allegations – that a lender intentionally violated RESPA
14 requirements so that it could foreclose on an elderly person and subsume his home equity - is there
15 any doubt that he will be awarded substantial punitive damages?

16  It is for this reason that California recognizes that a borrower who is victim of wrongful
17 foreclosure can bring an action for intentional infliction of emotional distress. See, for example,
18 *Ragland v. U.S. Bank* 209 Cal. App. 4th 182, 147 Cal. Rptr 3d. 41 (Cal. Court of Appeals, 2012).
19 In *Ragland*, a summary judgment dismissing an IIED claim by victim of wrongful foreclosure
20 against her lender was overturned on appeal.

22  F. <u>PLAINTIFF HAS ALLEGED DUTIES OWED BY A LENDER TO BORROWERS
23      THAT CAN TRIGGER THE TORT OF NEGLIGENCE. THEREFORE, DISMSSAL
24      OF THE SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF
25      EMTIONAL DISTRESS IS IMPROPER</u>

---

[32] Plaintiff's Fourth Amended Complaint, paragraph 33.

10
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

Defendant argues that a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its role as a lender of money.

As a preliminary matter, this blanket assertion is simply irrational. Here is an example: a bank, acting solely as a lender of money, still owes to its borrowers, duties giving rise to premises liability, or other similar negligence torts. But *cf. Ragland, Supra.*

1. <u>The case cited by Defendant does not negate negligence duties owed by lenders to borrowers</u>

Defendant misinterprets the cases it cites. Defendant cites *Nymark v. Heart Fed. S & L* 231 Cal. App 3d 1089 (1991). But the *Nymark* decision is narrowly drafted to relate only to an allegedly negligent appraisal. "A lender…owes no duty of care to a borrower in preparing an appraisal…when the purpose of the appraisal simply is to protect the lender by satisfying it that the collateral provides adequate security for the loan."

The facts in *Nymark* make it clear that its reasoning is inapplicable here. In *Nymark*, plaintiff purchased a home with seller carry back financing. He then sought to refinance, and the lender ordered an appraisal. The appraiser allegedly failed to identify defects, and plaintiff refinanced. Four years later, plaintiff, observing the defects, moved out of his home and incurred repair expenses.

The language of the *Nymark* opinion leaves no doubt about the scope of the analysis: "a lender…owes no duty of care to a borrower in *preparing an appraisal*." (emphasis added)

G. <u>THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND HIS COMPLAINT</u>

Plaintiff seeks to Amend his complaint to (if necessary) cure defects in the existing causes

11
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

of action, and to add additional causes of action, including, by way of example, violation of California Elderly Abuse statute, violation of Fair Debt Collection Act, and violation of Fair Credit Reporting Acts.

The policy of the law is to freely give leave to amend when justice requires. FRCP 15.

## V.   CONCLUSION

A 12(b)(6) motion, testing only the sufficiency of pleadings, and Plaintiff having allege adequate facts to assert his claims, Defendant's motion should be denied in its entirety

Plaintiff should be granted leave to amend his Fourth Amended Complaint.

DATED:                                        THE FULLER LAW FIRM, PC


By:  /s/ Sam Taherian
      SAM TAHERIAN
      Attorneys for Debtor(s)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT**

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595