UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TSVETEN S. TORBOV,<br><br>       Plaintiff,<br><br>   v.<br><br>CENLAR AGENCY, INC., et al.,<br><br>       Defendants. | Case No.  14-cv-00130-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART; AND ORDERING PLAINTIFF TO SHOW CAUSE WHY ACTION AGAINST DEFENDANT TORNQUIST SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT TIMELY SERVICE OF PROCESS**<br><br>[Re:  ECF 91] |

Defendants Cenlar Agency, Inc. ("Cenlar") and Nationstar Mortgage LLC ("Nationstar") seek dismissal of the fourth amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  The Court has considered the briefing and the oral argument presented at the hearing on April 23, 2015.  For the reasons discussed below, the motion is GRANTED WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART.  Additionally, Plaintiff is hereby ORDERED TO SHOW CAUSE why the action against Defendant Gregory S. Tornquist ("Tornquist") should not be dismissed without prejudice for failure to effect timely service of process.

## I.     BACKGROUND

The facts of this case are well-known to the parties and to the Court and need not be recited in full here.  In brief, Plaintiff Tsveten S. Torbov claims that he made timely monthly mortgage payments for fifteen years; that starting in March 2013 his monthly mortgage payment checks were returned without explanation and his account was not credited with those payments; and that

1    subsequently he was informed that his mortgage was in default and that a foreclosure sale had

2    been scheduled.  Plaintiff, acting *pro se*, filed this action on January 9, 2014.  Plaintiff

3    subsequently filed several iterations of the complaint, first as of right and then with leave of court.

4    Plaintiff ultimately retained counsel, who filed the operative FAC on December 5, 2014.  The

5    FAC asserts claims against Cenlar, Cenlar's chief executive officer, Tornquist, and Nationstar for:

6    (1) injunctive relief; (2) declaratory relief; (3) accounting; (4) breach of the implied covenant of

7    good faith and fair dealing; (5) intentional infliction of emotional distress; and (6) negligent

8    infliction of emotional distress.

9         Cenlar and Nationstar filed the present motion to dismiss on December 19, 2014.

10   Although Plaintiff was represented by counsel at that time, no timely opposition to the motion was

11   filed.  On March 24, 2015, shortly before the scheduled hearing date, new counsel substituted in

12   and filed a late opposition on Plaintiff's behalf.  The Court continued the hearing date in order to

13   afford Defendants adequate time to respond to the late-filed opposition.

14   **II.    LEGAL STANDARD**

15        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

16   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation*

17   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

18   729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

19   as true all well-pled factual allegations and construes them in the light most favorable to the

20   plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the

21   Court need not "accept as true allegations that contradict matters properly subject to judicial

22   notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

23   unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

24   (internal quotation marks and citations omitted).  While a complaint need not contain detailed

25   factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

26   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

27   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

28   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.   DISCUSSION

#### A.      General Observations

Before addressing the merits of Plaintiffs' claims, the Court makes some general observations.  First, moving parties object to Plaintiffs' late-filed opposition.  The opposition was due on January 5, 2015 but it was not filed until March 24, 2015.  At the hearing, current counsel stated that he substituted in as counsel of record and filed opposition as soon as he was able to complete his due diligence investigation.  While that statement accounts for the month of March 2015, it does not account for the nearly two months that elapsed after the opposition was due and before current counsel became involved in the case.  Ordinarily, the Court would not consider such a late filing without adequate explanation, particularly where (as here) accepting the untimely opposition necessitated a continuance of the hearing date.  When a plaintiff seeks to stave off foreclosure, any delay is a victory.  However, because the untimely filing appears to be the fault of Plaintiff's former counsel, because there is no prejudice to moving parties, and in light of the strong policy favoring resolution of cases on their merits, the Court overrules Defendants' objection and has considered the late-filed opposition.  *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.").

Second, the FAC does not contain any substantive allegations against Tornquist.  Moreover, the docket does not reflect that service of process has been effected upon Tornquist.  He was added as a defendant in the third amended complaint filed on July 29, 2014.  *See* Third Am'd Compl., ECF 67.  Under Federal Rule of Civil Procedure 4(m), Plaintiff had 120 days, or until November 26, 2014 to effect service of process.  Plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and on or before May 19, 2015, why the action against Tornquist should not be dismissed for failure to effect timely service of process.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Third, the FAC and some of Plaintiff's briefing were not filed in PDF format as required by the Court's Civil Local Rules.  *See* Civ. L.R. 5-1(e) (documents filed electronically must be

1   filed in PDF format "to permit text searches and to facilitate transmission and retrieval").  Plaintiff

2   shall file all future documents in compliance with the Court's Civil Local Rules.

3   **B.      Requests for Judicial Notice**

4   Defendant has filed a timely request for judicial notice of publicly recorded documents

5   relating to the property and of Plaintiff's Chapter 13 Bankruptcy petition filed on December 5,

6   2014.  *See* Ds' RJN, ECF 92.  The Court may take judicial notice of matters of public record and

7   court filings.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

8   2006) ("We may take judicial notice of court filings and other matters of public record."); *Mir v.*

9   *Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of

10  matters of public record).  Accordingly, Defendants' request for judicial notice is GRANTED.

11  Plaintiff has filed an untimely request for judicial notice on April 3, 2015, after Defendants

12  filed their reply brief.  Under this Court's Civil Local Rules, "[o]nce a reply is filed, no additional

13  memoranda, papers or letters may be filed without prior Court approval" except an objection to

14  new evidence submitted in the reply.  Civ. L.R. 7-3(d).  Moreover, Plaintiff seeks judicial notice

15  of "facts" that are not appropriate subject matter for judicial notice.  Federal Rule of Evidence 201

16  permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute because

17  it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately

18  and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

19  Evid. 201(b).  Plaintiff request the Court to take judicial notice of a number of "facts" that do not

20  satisfy these criteria, including facts that "Defendant Cenlar instructed Defendant [sic] to contact

21  the law firm of Aronowitz & Ford, LLP for purposes of ascertaining his default amount," and that

22  "The law firm of Aronowitz & Ford, LLP was never authorized to do business in California."  P's

23  RJN at 1, ECF 106.  Plaintiff does request judicial notice of a proof of claim filed in his

24  bankruptcy proceeding, which would be appropriate subject matter for judicial notice.  *See Reyn's*

25  *Pasta Bella*, 442 F.3d at 746 n.6 (9th Cir. 2006) (judicial notice appropriate with respect to court

26  filings).  However, the document in question is irrelevant to the issues before the Court on the

27  present motion to dismiss.  Plaintiff's request for judicial notice is DENIED.

28

United States District Court
Northern District of California

4

C.      **Failure to State a Claim**

Turning to the merits, as noted at the hearing and discussed below, the FAC is drafted extremely poorly and all claims alleged therein are defective.

1.      **Claim 1 – Injunctive Relief**

Claim 1, entitled "To Enjoin Foreclosure," is defective because "[i]njunctive relief is a remedy, not a cause of action."  *Guessous v. Chrome Hearts, LLC*, 179 Cal. App. 4th 1177, 1187 (2009) (internal quotation marks and citation omitted); *see also Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims.").

Claim 1 is DISMISSED WITHOUT LEAVE TO AMEND.  Dismissal of Claim 1 does not preclude Plaintiff from seeking injunctive relief as a remedy for a properly pled substantive claim.

2.      **Claim 2 – Declaratory Relief**

Claim 2 does not allege an appropriate basis for declaratory relief because it seeks redress for alleged past wrongful conduct – Defendants' refusal of Plaintiff's timely mortgage payments for the months March 2013 through October 2013 – rather than seeking a declaration as to the prospective rights and obligations of the parties.  *See Babb v. Sup. Ct.*, 3 Cal. 3d 841, 848 (1971) ("[D]eclaratory procedure operates prospectively, and not merely for the redress of past wrongs.  It serves to set controversies at rest *before* they lead to repudiation of obligations, invasion of rights or commission of wrongs.") (internal quotation marks and citation omitted) (emphasis added).

Claim 2 is DISMISSED WITHOUT LEAVE TO AMEND.

3.      **Claim 3 – Accounting**

Claim 3, seeking an accounting, does not allege the requisite element that Plaintiff is owed money by Defendants.  *See Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. C-12-3061 EMC, 2012 WL 4371410, at *6 (N.D. Cal. Sept. 24, 2012) (an element of an accounting claim is that the plaintiff is owed money by the defendant); *Hernandez v. First Am. Loanstar Trustee Servs.*, No. 10cv00119 BTM(WVG), 2010 WL 1445192, *5 (S.D. Cal. Apr. 12, 2010) ("Plaintiffs, as the party owing money, not the party owed money, has no right to seek an accounting.").

Claim 3 is DISMISSED WITHOUT LEAVE TO AMEND.

### 4.        Claim 4 – Breach of Implied Covenant of Good Faith and Fair Dealing

Claim 4 alleges breach of the implied covenant of good faith and fair dealing.  "'The implied promise [of good faith and fair dealing] requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement.'"  *Avidity Partners, LLC v. State of Cal.*, 221 Cal. App. 4th 1180, 1204 (2013) (quoting *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 818 (1979)) (alteration in original).  "The implied covenant of good faith and fair dealing does not impose substantive terms and conditions beyond those to which the parties actually agreed."  *Id.*

Plaintiff alleges that Cenlar breached the implied covenant by "failing to accept payments tendered by Plaintiff, making unjustified claims for sums in excess of those to which it was entitled and then providing an inaccurate accounting to its successor in interest, [Nationstar]." FAC ¶ 30.  He alleges that Nationstar breached the implied covenant by "making unjustified claims for sums in excess of those to which it is entitled and then commencing foreclosure proceedings."  *Id.*  He asserts that Cenlar and Nationstar acted in bad faith, and "were guilty of malice, oppression and a willful and conscious disregard for the rights of Plaintiff, and that he is therefore entitled to an award of exemplary and punitive damages."  *Id.* ¶ 31.

Plaintiff appears to be attempting to state a claim for breach of the implied covenant of good faith and fair dealing with respect to the note, and he appears to be asserting that Defendants acted in a manner designed to deprive him of the benefits due him under the note by refusing to accept his timely payments on the note.  The problem is that Plaintiff does not identify the note as the contract giving rise to his implied covenant claim.  Nor does he make clear that at the time Cenlar began rejecting his payments, he was current on his loan and the rejected payments represented full and complete payments of the amounts owed.  Defendants' position throughout this litigation has been that Plaintiff defaulted on his loan, the loan thereafter was accelerated as contractually permitted, and Plaintiff's subsequent payments were rejected as only partial payments on the then-outstanding loan balance.  Some of the evidence submitted to the Court in connection with Plaintiff's motion for preliminary injunction suggests that Plaintiff in fact may have been in default before Cenlar returned his checks.  While the Court's task on a motion to

6

United States District Court
Northern District of California

1  dismiss is to evaluate the sufficiency of the pleadings, and not the evidence, the Court raises the

2  point to emphasize that Plaintiff must allege facts showing that Cenlar's rejection of his loan

3  payments was not consistent with the contract but instead deprived Plaintiff of benefits to which

4  he was entitled under the contract.

5        Finally, Plaintiff's request for punitive damages for breach of the implied covenant is

6  unsupported by the law.  "[W]ith the exception of bad faith insurance cases, a breach of the

7  covenant of good faith and fair dealing permits a recovery solely in contract."  *Spinks v. Equity*

8  *Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009) (internal quotation

9  marks and citation excluded).  Accordingly, even if Plaintiff were able to amend to state a viable

10  claim for breach of the implied covenant, he would not be able to recover punitive damages but

11  would be limited to contract damages.

12        Accordingly, Claim 4 is DISMISSED WITH LEAVE TO AMEND.

13       **5.**      **Claim 5 – Intentional Infliction of Emotional Distress**

14        Claim 5 is for intentional infliction of emotional distress.  The elements of that claim are:

15  "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

16  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

17  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

18  defendant's outrageous conduct."  *Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 903 (1991) (internal

19  quotation marks and citation omitted).  The alleged conduct "must be so extreme as to exceed all

20  bounds of that usually tolerated in a civilized community."  *Id.* (internal quotation marks and

21  citation omitted).

22        Generally, "[t]he act of foreclosing on a home (absent other circumstances) is not the kind

23  of extreme conduct that supports an intentional infliction of emotional distress claim."  *Quinteros*

24  *v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010).  Plaintiff argues that "other

25  circumstances" exist in this case, relying upon *Ragland v U.S. Bank Nat. Ass'n*, 209 Cal. App. 4th

26  182, 204-05 (2012).  In *Ragland*, the California Court of Appeal held that the plaintiff could go

27  forward on a claim of intentional infliction of emotional distress based upon the bank's conduct

28  leading to foreclosure on the plaintiff's home.  The plaintiff claimed that when she refinanced her

United States District Court
Northern District of California

1   home she thought she was getting a fixed rate mortgage, but actually her mortgage broker forged

2   her signature on a number of loan documents and she ended up with an adjustable rate mortgage.

3   Some years later, when she sought a loan modification, the issue of the forgery came up and the

4   bank began an investigation.  Plaintiff claims that bank employees told her that the bank could not

5   collect from her while that investigation was ongoing, and that in reliance on those statements she

6   cancelled her scheduled loan payment.  The bank thereafter sent the plaintiff a delinquency notice;

7   however, when she called the bank she again was told that the bank could not collect from her

8   while the forgery investigation was ongoing.  Shortly thereafter, the bank instituted foreclosure

9   proceedings.  The plaintiff claimed that she got the runaround when she tried to clear matters up

10  and ultimately her home was sold in a foreclosure sale.  The Court of Appeal reversed the trial

11  court's grant of summary judgment for the bank, concluding in relevant part that the bank's

12  treatment of the plaintiff, if proved, "was so extreme as to exceed all bounds of decency in our

13  society."  *Id.* at 205.

14          *Ragland* is factually distinguishable from the present case.  Torbov does not allege any

15  forgery with respect to his loan documents, or that Defendants indicated that payments were not

16  due, or that Defendants in fact have foreclosed upon his property.  Torbov does allege that Cenlar

17  declined to accept certain payments but, as discussed above, he has not alleged facts showing that

18  he was current on his loan at the time and that his payments were rejected without proper cause.

19  Moreover, Torbov has not alleged facts showing that he has suffered severe or extreme emotional

20  distress as a result of Defendants' conduct.  His allegation that Defendants' conduct "has caused

21  Plaintiff severe emotional and physical distress, pain and suffering," FAC ¶ 33, is too conclusory

22  to satisfy the pleading requirements for this claim.  *See Harvey G. Ottovich Revocable Living*

23  *Trust Dated May 12, 2006 v. Wash. Mut., Inc.*, No. 10-cv-02842 WHA, 2010 WL 3769459, at *6

24  (N.D. Cal. Sept. 22, 2010) ("Plaintiffs' amended complaint lacks specific facts describing the

25  severe emotional distress suffered, let alone that defendants' conduct proximately caused this

26  distress.  Plaintiffs merely assert legal conclusions that they suffered severe emotional distress as a

27  result of the conduct of defendants.").

28          Claim 5 is DISMISSED WITHOUT LEAVE TO AMEND.

8

United States District Court
Northern District of California

### 6.      Claim 6 – Negligent Infliction of Emotional Distress

Claim 6 is for negligent infliction of emotional distress.  Negligent infliction of emotional distress is not a separate claim from negligence.  In order to plead such a claim, Plaintiff must allege that Defendants owed him a duty of care which they breached.  *Quinteros*, 740 F. Supp. 2d at 1173.  Plaintiff has not alleged the existence of a special relationship giving rise to a duty of care on the part of Defendants.  *See id.* ("Lender-borrower relations do not normally give rise to a duty supporting a negligence cause of action."); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.").  Additionally, under California law, Plaintiff "may recover in tort for physical injury to person or property, but not for purely economic losses that may be recovered in a contract action."  *Spencer v. DHI Mortg. Co., Ltd.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009).  The relationship between Plaintiff and Defendants is contractual in nature and arises from the note and deed of trust.  Plaintiff has not alleged facts adequate to show physical injury rather than purely economic loss arising from that contractual relationship.

Claim 6 is DISMISSED WITHOUT LEAVE TO AMEND.

### C.      Leave to Amend

Plaintiff has been granted numerous opportunities to plead a viable claim and has failed to do so.  Defendants urge the Court to deny further leave to amend.  The Court certainly is not inclined to permit wholesale amendment of Plaintiffs' claims.  In particular, the Court will not permit amendment of claims that are legally untenable or as to which Plaintiff has not demonstrated any likelihood of curing the defects noted herein.  However, if the facts are as represented by Plaintiff's counsel at the hearing – that Plaintiff was current on his loan payments when Cenlar stopped accepting his checks – dismissal of this action would result an unjust foreclosure upon Plaintiff's home.  Accordingly, the Court will allow Plaintiff to amend to allege a claim for breach of the note and/or deed of trust – a claim that has never been pled in this case – and a companion claim for breach of the implied covenant of good faith and fair dealing.

At the hearing, Plaintiff's counsel stated that he would like to amend to add *new* claims,

including a claim of elder abuse.  The Court will *not* permit the injection of new theories or claims into the case at this stage of the proceedings absent a noticed motion for leave to amend and a showing that amendment would not be futile.  Thus Plaintiff is ordered to confine his amended pleading to claims for breach of contract and breach of the implied covenant.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)    The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claim 4 for breach of the implied covenant.  Leave to amend also is GRANTED to add a new claim for breach of contract.  Any amended pleading shall be filed on or before May 19, 2015;

(2)    The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Claim 1 for injunctive relief; Claim 2 for declaratory relief; Claim 3 for accounting; Claim 5 for intentional infliction of emotional distress; and Claim 6 for negligent infliction of emotional distress.

(3)    Plaintiff may not amend his pleading to add claims or parties not expressly authorized herein.

(4)    Plaintiff shall SHOW CAUSE, in writing and on or before May 19, 2015, why the action against Tornquist should not be dismissed for failure to effect timely service of process.

Dated:  April 29, 2015

BETH LABSON FREEMAN
United States District Judge